IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stephen Cugier, et al.,                                Case No. 3:05CV7034

         Plaintiffs

     v.                                                 ORDER

General Motors Corporation, et al.,

         Defendants

        This is a suit by putative beneficiaries of a group life insurance policy issued by the defendant Metropolitan Life (MetLife) insurance company and covering employees of the defendant General Motors Corporation (GM). The plaintiffs, the deceased employee's children, claim that they and not the defendant, the deceased employee's wife at the time of his death, are entitled to the policy's proceeds.

        One of the plaintiffs lives in Indiana; the others live in the State of Washington. The defendant wife lives in Florida. For purposes of service and jurisdiction, the defendants GM and MetLife "reside" in Florida, Indiana, and Ohio. The deceased employee worked and executed one or more designation of beneficiary forms in Indianapolis, Indiana.

        Pending is the defendant wife's motion to change venue: she contends that either Indiana or Florida is a more appropriate and convenient place for this litigation.

        For the reasons that follow, I agree. This case shall be transferred to the Southern District of Indiana at Indianapolis for further proceedings.

The employee worked in Ohio for a while several years before his death. After that he lived and worked most of his working life for GM in Indianapolis. On or shortly after his retirement he moved about eight years ago to Florida.

The outcome of this case depends on whom the employee selected as the beneficiary of his group life policy with GM. This is so, despite the plaintiffs' claim that defendants GM and MetLife committed various wrongful acts after the wife sent a letter challenging the designation of beneficiary form that favors the plaintiffs.

The witnesses, if any, to the employee's execution of the designation(s) of beneficiary form(s) are most likely to be found in Indiana. That would, moreover, appear to be the state with the principal interest in the outcome of this case, as it has an interest in the validity of beneficiary designation forms executed by persons resident in that State.

None of the real parties in interest – namely, the employee's children and his second wife – has any connection with Ohio or this District. This suit is lodged in this court to serve the convenience of counsel, not the parties or witnesses. That is not a sufficient basis on which to oppose or overrule a motion for change of venue.

The Southern District of Indiana is a more appropriate and less inconvenient venue for the parties to this case.[1]

In light of the foregoing, it is

---

[1] So far as I can tell, GM and MetLife do not care where this case is venued. I assume that they will be content to have the policy's proceeds paid into a court registry. Then, I further assume, they will seek to be dismissed.

ORDERED THAT the motion of the defendant to transfer this case be, and the same hereby is granted. The Clerk shall cause this case to be transferred to the Southern District of Indiana at Indianapolis. The initial settlement conference scheduled for July 7, 2005 is vacated.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge